[Civ. No. 5905.   Fourth Dist.   Feb. 19, 1959.]

GEORGE KITAGAWA, Plaintiff and Appellant, v. BENTON F. WILLIAMS, Defendant and Appellant; PACIFIC UNION ASSOCIATION OF SEVENTH DAY ADVENTISTS (a Corporation), Cross-Complainant and Appellant.

124

Bolton, Groff & Dunne and Gene Groff for Plaintiff and Appellant.

Mount, Pendleton & Gillaspy and Charles F. Pendleton for Defendant and Appellant.

Herbert G. Staples and Staples & Meifert for Cross-Complainant and Appellant.

STONE, J. pro tem.*—George Kitagawa was driving his automobile in a southerly direction on United States Highway 99 in the vicinity of Thermal, California, on February 9, 1955, at approximately 4 a. m. At this point Highway 99 is a two-lane thoroughfare, one lane for northbound traffic and the other for southbound. Just prior to the accident which gave rise to this litigation Kitagawa had slowed his vehicle for the purpose of making a left turn to enter a side road. As Kitagawa slowed his vehicle he observed approaching from the south a tractor-trailer unit owned and operated by Pacific Union Association of Seventh Day Adventists, a corporation, doing business as Loma Linda Food Company, and herein-after referred to as Loma Linda. Following Kitagawa and also traveling in a southerly direction was a vehicle driven and operated by Benton F. Williams. The Williams vehicle struck the Kitagawa vehicle in the rear and shoved it across the center line and into the path of the northbound Loma Linda truck.

Kitagawa filed a complaint naming Williams and Loma Linda as defendants. Williams filed a cross-complaint against Kitagawa and Loma Linda. In turn, Loma Linda filed a cross-complaint naming Kitagawa and Williams as cross-defendants. At the trial no claim was made for damages by reason of personal injuries and the only evidence concerning damages as to all three vehicles was the following stipulation:

*Assigned by Chairman of Judicial Council.

"Mr. Staples: With the presenting of this stipulation, which I think should probably be in the record, I will conclude the case for Loma Linda; and that is the stipulation regarding the damage to the respective vehicles which Counsel have joined in. The damage to the Loma Linda equipment or vehicle was $12,912.75, and an additional item of loss of use damage for that equipment was $1500.00. The damage as to the Kitagawa vehicle was $945.04. The damage to the Williams vehicle was $1263.14. Those items of damage to those vehicles and those parties have been stipulated to.

"The Court: You join in the stipulation?

"Mr. Pendleton: Yes.

"Mr. McGurl: Yes, I believe my office did. I didn't personally. I go along with the stipulation.

"Mr. Staples: With that Loma Linda Food Company rests."

The jury brought in a verdict in favor of plaintiff Kitagawa for the sum of $600 against defendant Williams, but found in favor of defendant Loma Linda. The jury brought in a verdict in favor of cross-complainant Loma Linda for the sum of $8,000 against cross-defendant Williams and found in favor of cross-defendant Kitagawa. The jury found against cross-complainant Williams on his cross-complaint. Cross-complainant Loma Linda and cross-complainant Williams moved for a new trial. Plaintiff Kitagawa made no motion for a new trial. The court denied the motion of defendant and cross-complainant Williams, and granted the motion of defendant and cross-complainant Loma Linda for a new trial but on the issue of damages only. Defendant and cross-complainant Williams appealed from the order granting the new trial on the issue of damages only and also appealed from the judgment. Loma Linda appealed from the judgment and provisionally appealed from the order granting a new trial in the event it did not apply to cross-defendant Kitagawa. Plaintiff and cross-defendant Kitagawa appealed from the order granting a new trial. Kitagawa also appealed from the judgment but in his brief he has withdrawn the appeal and has asked the court to reverse the order granting a new trial and to affirm the judgment.

■ The appeal from the order granting Loma Linda a new trial as to damages only will be considered first. Loma Linda moved for a new trial as against both Williams and Kitagawa. The order granting a new trial as to damages only does not except Kitagawa and must be construed as an order

granting a new trial as to both cross-defendants. The clerk's transcript reflects the following order: "The motion of the cross-defendant and cross-complainant Pacific Union Association of Seventh Day Adventists, a corporation, dba Loma Linda Food Company, be and it is hereby granted on the issue of damages only." The jury found Kitagawa to be free from liability and brought in its verdict that Loma Linda take nothing from him on its cross-complaint. Judgment was entered accordingly. The effect of the order granting a new trial against Kitagawa as to damages only is to reverse the judgment and find Kitagawa conclusively liable. The trial court had no authority to enter a judgment contrary to the verdict of the jury on a motion for a new trial in the absence of a motion for a directed verdict and a motion for judgment notwithstanding the verdict. (Code Civ. Proc., § 629.) The motion granting Loma Linda a new trial as to damages only must be reversed.

On the appeal from the judgment both Loma Linda and Williams contend that the judgment awarding Loma Linda $8,000 in the face of the stipulation conceding its damages to have been $14,412.75, and awarding Kitagawa $600 in view of the stipulated sum of $945.04, constitutes a compromise verdict. The record before us reflects that the only evidence of damages presented to the jury during the trial was the stipulation set forth hereinabove. There was no testimony nor was there documentary or other evidence upon which the jury could have based its verdict. Once the jury determined the question of liability it had no choice other than to bring in a judgment for Loma Linda in the sum of $14,412.75, and for Kitagawa in the sum of $945.04. Hence we conclude that the jury reached its verdicts as the result of compromise. (*Leipert* v. *Honold*, 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185].) The judgments must be reversed for the additional reason that there is no evidence to support them. Had there been testimony or receipted repair bills, or evidence of any kind which the jury could have evaluated, this court would accept the finding of the jury. The damages in this case are all special and the amount was fixed as to each party to the action so that it can be demonstrated mathematically that the verdicts are not supported by the evidence.

The order granting a new trial as to damages only is reversed. The judgment is reversed.

Mussell, Acting P. J., and Shepard, J., concurred.